UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2018 FEB 27 P 12?

U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:18CR34-D/AB |
| v. | VIOLATIONS: |
| SIDIKJON MAMADJONOV | 18 U.S.C. § 1001(a)(2)<br>(Making a False Statement in the Course of a Terrorism Investigation)<br><br>18 U.S.C. § 1546(a)<br>(False Swearing in an Immigration Matter)<br><br>18 U.S.C. § 1425(a)<br>(Unlawful Procurement of Naturalization) |

INDICTMENT

The Grand Jury charges:

BACKGROUND ALLEGATIONS

1.  On October 15, 2004, the United States Secretary of State designated al-Qa-ida in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under Section 1(b) of Executive Order 13224.

2.  On December 11, 2012, the Secretary of State amended the designation of AQI to include the following aliases: al-Nusrah Front ("ANF"), Jabhat al-Nusrah, Jabhet al-Nusra, The Victory Front, and Al-Nusrah Front for the People of the Levant.

3.  On May 15, 2014, the Secretary of State, in response to the evolving nature of the relationships between ANF and AQI, amended the FTO designation of AQI to remove all aliases associated with al-Nusrah Front. Separately, the Secretary of State then designated al-Nusrah Front, also known as Jabhat al-Nusrah, also known as Jabhet al-Nusra, also known as The

Victory Front, also known as Al-Nusrah Front for the People of the Levant, also known as Al-Nusrah Front in Lebanon, also known as Support Front for the People of the Levant, and also known as Jabaht al-Nusra li-Ahl al-Sham min Mujahedi al-Sham fi Sahat al-Jihad, as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under Section 1(b) of Executive Order 13224. To date, ANF remains a designated FTO.

4. SIDIKJON MAMADJONOV ("SIDIKJON"), the defendant, is a citizen of Uzbekistan, who immigrated to the United States and on September 27, 2010, became a lawful permanent resident.

5. Saidjon Mamadjonov ("Saidjon") was a citizen of Uzbekistan and brother of SIDIKJON, who immigrated to the United States, and on November 8, 2009, became a lawful permanent resident. Saidjon departed the United States destined for Syria on January 20, 2013, boarding a plane for Istanbul, Turkey, at ~~John F. Kennedy Airport in New York.~~ Newark Liberty International Airport in Newark, NJ.

## COUNT ONE
(Making a False Statement in a Terrorism Investigation)

6. The allegations in paragraphs 1 through 5 are incorporated by reference.

7. On or about May 29, 2014, in the District of Connecticut, in a matter within the jurisdiction of the Federal Bureau of Investigation, an executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant, SIDIKJON MAMADJONOV, did knowingly and willfully make a false material statement and representation to the FBI in that he falsely stated that during a 2013 trip to Turkey, he had met with his brother Saidjon in Istanbul, Turkey, and that he believed

that Saidjon was still in Turkey, or possibly Dubai; when in fact, as he then and there well knew, he learned and understood either before or during this 2013 trip that Saidjon was dead.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
(Making a False Statement in a Terrorism Investigation)

8. The allegations in paragraphs 1 through 5 are incorporated by reference.

9. On or about November 18, 2014, in the District of Connecticut, in a matter within the jurisdiction of the Federal Bureau of Investigation, an executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant, SIDIKJON MAMADJONOV, did knowingly and willfully make a false material statement and representation to the FBI in that he falsely stated that he believed his brother Saidjon was married and living in Turkey; and that after SIDIKJON returned from Turkey in 2013, Saidjon had sent him a package, via Federal Express, from Turkey; when, as he then and there well knew, he had learned and understood that Saidjon was dead, having died prior to the date the package was sent.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE
(Making a False Statement in a Terrorism Investigation)

10. The allegations in paragraphs 1 through 5 are incorporated by reference.

11. On or about August 17, 2016, in the District of Connecticut, in a matter within the jurisdiction of the Federal Bureau of Investigation, an executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant, SIDIKJON MAMADJONOV, did knowingly and willfully make a false material statement and representation to the FBI in that he falsely stated he

had not heard any discussions about Uzbeks in the United States going over to Syria to fight in the war; and was not aware of any Uzbeks ever leaving the United States to travel to Syria; when, as he then and there well knew, his brother Saidjon was an Uzbek who had traveled from the United States to Syria and had died while fighting for a designated FTO, Al Nusrah Front.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
(False Swearing in Immigration Matter)

12. The allegations in paragraphs 1 through 5 are incorporated by reference.

13. On or about September 8, 2014, in the District of Connecticut, the defendant, SIDIKJON MAMADJONOV, did knowingly cause to be subscribed as true, under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, a Form N-400 Application for Naturalization, that is, he falsely claimed that: (1) he had never been a member of, or in any way associated (either directly or indirectly) with a terrorist organization; and (2) that he had never given any government official information that was materially false, fraudulent or misleading, which statements MAMADJONOV then and there knew were false.

In violation of Title 18, United States Code, Sections 1546(a).

## COUNT FIVE
(False Swearing in Immigration Matter)

14. The allegations in paragraphs 1 through 5 are incorporated by reference.

15. On or about October 27, 2016, in the District of Connecticut, the defendant, SIDIKJON MAMADJONOV, did knowingly cause to be subscribed as true, under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, a Form N-400

Application for Naturalization, that is, he falsely claimed that: (1) he had never been a member of, or in any way associated (either directly or indirectly) with a terrorist organization; (2) he had never given any government official information that was materially false, fraudulent or misleading, and (3) the purpose of his trip to Turkey listed on his N-400 was to visit his brother, Saidjon, who operated a restaurant in Istanbul, Turkey, which statements MAMADJONOV then and there knew were false.

In violation of Title 18, United States Code, Section 1546(a).

## COUNT SIX
(Attempted Unlawful Procurement of Naturalization)

16. The allegations in paragraphs 1 through 5 are incorporated by reference.

17. On or about September 8, 2014, in the District of Connecticut, the defendant, SIDIKJON MAMADJONOV, did knowingly procure and attempt to procure, contrary to law, his naturalization, by falsely declaring under penalty of perjury that his Form N-400 Application for Naturalization was accurate, which MAMADJONOV then and there knew was false because his Form N-400 falsely claimed that: (1) he had never been a member of, or in any way associated (either directly or indirectly) with a terrorist organization; and (2) that he had never given any government official information that was materially false, fraudulent or misleading.

In violation of Title 18, United States Code, Section 1425.

## COUNT SEVEN
(Attempted Unlawful Procurement of Naturalization)

18. The allegations in paragraphs 1 through 5 are incorporated by reference.

19. On or about October 27, 2016, in the District of Connecticut, the defendant, SIDIKJON MAMADJONOV, did knowingly procure and attempt to procure, contrary to law, the naturalization of himself, by falsely declaring under penalty of perjury that his Form N-400

Application for Naturalization was accurate, which MAMADJONOV then and there knew was false because his Form N-400 falsely claimed that: (1) he had never been a member of, or in any way associated (either directly or indirectly) with a terrorist organization; (2) he had never given any government official information that was materially false, fraudulent or misleading; and (3) the purpose of his trip to Turkey listed on his N-400 was to visit his brother, Saidjon, who operated a restaurant in Istanbul, Turkey.

In violation of Title 18, United States Code, Section 1425.

A TRUE BILL

/s/

FOREPERSON

JOHN H. DURHAM
UNITED STATES ATTORNEY

DOUGLAS MORABITO
ASSISTANT U.S. ATTORNEY