UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR34(VAB) |
| v. | : | |
| SIDIKJON MAMAJONOV | : | August 26, 2019 |

## CONSENT MOTION FOR CONTINUANCE

The United States of America, by and through the undersigned attorney, respectfully moves the Court for an order continuing the currently scheduled dates for filing and hearing motions and for trial for the reasons stated hereafter.

## ARGUMENT

The defendant, Sidikjon Mamadjonov, is charged with, among other things, making materially false statements to law enforcement in a matter involving international terrorism, in violation of 18 U.S.C. § 1001. The matter is currently scheduled for jury selection on October 3, 2019 with a trial date to be set in late October.

Here, the Government submits that the case is "unusual and complex"[1] and thus a

---

[1] Under the Speedy Trial Act the Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." Id. In considering whether to grant a continuance requested under such provision, one of the factors which the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

continuance of the trial is warranted.[2] By way of background, the present charges stem from a long-term investigation by multiple Federal Bureau of Investigation ("FBI") offices involving international terrorism conducted over the course of approximately 5 years. The nature of the investigation and the fact that national security issues were involved required that much of the investigative file be classified. The prosecution's evidence related to the present case was collected from multiple sources including: witness interviews, court-authorized electronic surveillance, consensual recordings, search warrants, physical surveillance, and documents obtained through various means. As explained above, some of this evidence will be declassified for disclosure to counsel in accordance with the Government's discovery obligations.

The use of classified information is governed by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2. CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Abu-Jihaad*, 630 F.3d 102, 141 (2d Cir. 2010) (quoting *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996)); *see also United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) ("The statute was meant to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." (internal quotation marks and alterations omitted)). CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002).

The Court previously held a pretrial conference pursuant to Section 2 of CIPA to

---

18 U.S.C. § 3161(h)(7)(B)(ii).

[2] The speedy trial clock is currently tolled, pursuant to 18 U.S.C. § 3161(h)(1)(D because of the filing of defendant's motion to suppress statements, dated April 8, 2019.

"consider matters relating to classified information that may arise in connection with the prosecution." Under CIPA Section 2, such matters include the timing of discovery requests, the timing of filing of CIPA motions, and "any matters which relate to classified information or which may promote a fair and expeditious trial."  The CIPA and declassification processes require extensive coordination between the United States Attorney's Office, the National Security Division, the FBI National Security and Cybercrime Law Branch and multiple other government agencies, such that terrorism cases are generally declared complex pursuant to Section 3161(h)(7).  Issues have arisen during the coordination process in the last month that have stalled that process, and the government now realizes that the anticipated CIPA filing, and the additional discovery which arises from that, cannot be completed under the current time constraints.  However, the government has engaged the other government agencies to determine a realistic timeline and we are confident our motion for Protective Order Pursuant to Section 4 of the Classified Information Procedures Act can be completed in ample time under the continuance sought.  In addition, in the last few months, an unanticipated defense case has become clear as well as other issues, causing the Government to re-examine the evidence in its case-in-chief, and prompting requests for additional disclosure of classified evidence.[3]

      The volume of documents and evidence collected in the present matter is substantial. Given the number of documents, the nature of evidence collected that is currently classified, and the multiple issues which have arisen in the CIPA/discovery process, the Government requests that the case be declared complex. Further, as noted above, because some of the evidence implicates CIPA, various procedural strictures will need to be followed in advance of any

---

[3] Should the Court desire further explanation of the nature of the evidence or the process of securing authority to use such evidence in this prosecution, the Government can provide such detail in a classified pleading filed *ex parte* and under seal.

disclosure.  Furthermore, the defense will need sufficient time to review, analyze, and investigate the evidence once declassified, so that it can intelligently pursue pretrial motions, retain experts and mount a vigorous defense.           .

As a result, based on the above factors the Court should find that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the narrow ordinary time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, the Government submits that the Court should find that a continuance of the case on the above grounds satisfies the ends of justice and outweighs the best interests of the public and the Defendant to a speedy trial; *see* 18 U.S.C. § 3161(h)(7)(A); and that the failure to grant a continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

As indicated above, this case stems from a lengthy investigation involving matters of national security.  Discovery in this case has been substantial, and it has been complicated by declassification of some investigative materials and the use of CIPA to protect other investigative materials.  The CIPA process is ongoing, and although much of the declassification process was completed recently, more may be necessitated at the conclusion of the CIPA process.  Given the nature of the case before this Court and its attendant complexities, the Government maintains it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act and the present scheduling order. The Government respectfully submits the grant of a complex case designation will ultimately enable the Government to provide complicated discovery, and allow counsel for the defendant to adequately review the discovery, prepare any additional motions, and proceed with trial.

For the above stated reasons,  the Government submits that it is unreasonable to expect the

4

Defendant to prepare adequately for pretrial proceedings and trial within the current time limits established by the Speedy Trial Act, and that a reasonable continuance is appropriate pursuant to Title 18, United States Code, Section 3161(h)(7)(A). The Government thus moves the Court for an Order in which any continuances granted pursuant to this request will constitute excludable delay for purposes of all relevant time limits established by the Speedy Trial Act, and that the ends of justice served by such continuances outweighs the best interests of the defendants and the public in a speedy trial. Therefore, the Government submits that the Court should enter an order continuing the matter for 180 days from the current October 7, 2019 jury selection date. Counsel for defendant has advised that he does not object to the granting of this motion.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY
    /s/
    DOUGLAS P. MORABITO
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct20962
    United States Attorney's Office
    157 Church Street
    New Haven, Connecticut 06510
    (203) 821-3700
    Douglas.Morabito@usdoj.gov

## **CERTIFICATION**

I hereby certify that on August 26, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

       /s/
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY