UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR34(VAB) |
| | : | |
| v. | : | |
| | : | |
| SIDIKJON MAMAJONOV | : | March 31, 2020 |

## JOINT MOTION FOR CONTINUANCE

The United States of America, by and through the undersigned attorney, respectfully moves the Court for an order continuing the currently scheduled dates for filing and hearing motions and for trial for the reasons stated hereafter.

## ARGUMENT

The defendant, Sidikjon Mamadjonov, is charged with, among other things, making materially false statements to law enforcement in a matter involving international terrorism, in violation of 18 U.S.C. § 1001.  The matter is currently scheduled for jury selection in July, 2020 with a trial date thereafter.

The parties stipulate and agree to a 12 week continuance of the filing date for the Motion for Protective Order Pursuant to the Classified Information Procedures Act Section 4 and Fed. R. Crim. P. 16(d) ("the Section 4 Motion").  In support thereof the parties submit that the Section 4 Motion is currently due on April 15, 2020. The hearing on Defendant's Motion to Suppress his Statement is scheduled for April 23, 2020. Trial in this matter is set for July 6, 2020, although that date may be affected by the Court's Order, responding to exigent circumstances created by COVID-19, suspending all jury trials through May 15, 2020.

The government submits that, in addition to the United States Attorney's Office for the District of Connecticut, there are a number of federal offices involved in preparing the Section 4

1

Motion, each of which is responding to the exigent circumstances created by COVID-19, which

pose obstacles to government's ability to file the Section 4 Motion timely.

The classified information involved in this motion includes extremely sensitive national

security information which necessitates the Section 4 Motion be prepared by a prosecutor in the

Department of Justice's, National Security Division in Washington, D.C., for filing with the

Classified Information Security Officer (CISO) in Washington, D.C.  The Section 4 Motion

requires coordination with members of the intelligence community, and those members'

coordination with partners and affiliates, each of which faces challenges responding to the

exigent circumstances created by COVID-19.

While the government typically invokes the CIPA process through the submission of a

declaration from an agency official with original classification authority, there is an additional

level of coordination unique to the Second Circuit where the government is required to invoke

CIPA by submitting a declaration "lodged by the head of the department which has control over

the matter, after actual personal consideration by that officer." *See United States v. Aref*, 533

F.3d 72, 80 (2d Cir. 2008). Securing the declaration from the head of an agency involves

extensive additional coordination after the Section 4 Motion has otherwise been finalized.

The government anticipates the additional time it seeks will, at a minimum, allow the

protocols for federal offices involved in the filing of the Section 4 Motion to coalesce.

Additionally, the prosecutor responsible for the Section 4 Motion is in telework status --

in response to the Department's COVID-19 telework protocol and because he is recovering from

surgery -- and is unable to access systems for processing classified information presently.  While

the Section 4 Motion could be reassigned, the parties agree that it would ultimately bring the

Section 4 Motion to a swifter conclusion if the prosecutor assigned to this case remained on this

matter.

For the above stated reasons, the government submits that it is unreasonable to expect the Defendant to prepare adequately for pretrial proceedings and trial within the current time limits established by the Speedy Trial Act, and that a reasonable continuance is appropriate pursuant to Title 18, United States Code, Section 3161(h)(7)(A). The government thus moves the Court for an Order in which any continuances granted pursuant to this request will constitute excludable delay for purposes of all relevant time limits established by the Speedy Trial Act, and that the ends of justice served by such continuances outweighs the best interests of the defendants and the public in a speedy trial. Therefore, the Government submits that the Court should enter an order continuing all dates for 12[1] weeks.  Counsel for defendant has advised that he joins in the granting of this motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY
/s/
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct20962
United States Attorney's Office
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Douglas.Morabito@usdoj.gov

---

[1] The current schedule has 8 days between the filing of the Section 4 Motion and the hearing on the Defendant's Motion to Suppress.  The parties submit that the date of the hearing on the Motion to Suppress should be increased to four weeks after the filing of the Section 4 Motion to allow ample time for the Court's resolution of the Section 4 Motion in advance of the hearing on the Motion to Suppress.

## <u>CERTIFICATION</u>

I hereby certify that on March 31, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<u> /s/ </u>
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY