

DEC 13 2022 AM 11:54
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-21-1

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:18CR34(VAB) |
| v. | Violations: |
| SIDIKJON MAMADJONOV | 18 U.S.C. § 1001(a)(2)<br>(Making a False Statement in a Terrorism Investigation) |
| | 18 U.S.C. § 1546(a)<br>(False Swearing in Immigration Matter) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## BACKGROUND ALLEGATIONS

1.  At all times relevant to this Superseding Indictment, the defendant SIDIKJON MAMADJONOV ("SIDIKJON") was a citizen of Uzbekistan and a lawful permanent resident of the United States.

2.  Saidjon Mamadjonov ("Saidjon") was the brother of the defendant SIDIKJON MAMADJONOV and a lawful permanent resident of the United States. On or about January 20, 2013, Saidjon departed the United States on a flight to Istanbul, Turkey.

3.  On or about May 27, 2013, SIDIKJON departed the United States on a flight to Istanbul, Turkey. On or about June 11, 2013, SIDIKJON returned to the United States. During or before this trip, SIDIKJON learned that Saidjon had been killed while fighting in the civil war in Syria.

## COUNT ONE
(Making a False Statement in a Terrorism Investigation)

4. Paragraphs 1 through 3 are incorporated by reference.

5. On or about May 29, 2014, in the District of Connecticut, in a matter within the jurisdiction of the executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant SIDIKJON MAMADJONOV did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to the Federal Bureau of Investigation in that SIDIKJON falsely stated that (1) during his 2013 trip to Turkey, he had met with his brother Saidjon in Istanbul and (2) he believed that Saidjon was still in Turkey or Dubai; when in fact, as SIDIKJON then and there well knew, Saidjon was dead, which SIDIKJON learned and understood either before or during his 2013 trip.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
(Making a False Statement in a Terrorism Investigation)

6. Paragraphs 1 through 3 are incorporated by reference.

7. On or about November 18, 2014, in the District of Connecticut, in a matter within the jurisdiction of the executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant SIDIKJON MAMADJONOV did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to the Federal Bureau of Investigation in that SIDIKJON falsely stated that (1) he believed his brother Saidjon was married and living in Turkey and (2) after SIDIKJON returned from Turkey in 2013, Saidjon had sent him a package

from Turkey; when, as SIDIKJON then and there well knew, Saidjon was dead, having died prior to the date the package was sent.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE
(Making a False Statement in a Terrorism Investigation)

8. Paragraphs 1 through 3 are incorporated by reference.

9. On or about August 17, 2016, in the District of Connecticut, in a matter within the jurisdiction of the executive branch of the Government of the United States, which involved international terrorism within the meaning of Title 18, United States Code, Section 2331, the defendant SIDIKJON MAMADJONOV did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to the Federal Bureau of Investigation in that SIDIKJON falsely stated that (1) he had received a package from Saidjon, (2) he had not heard any discussions about Uzbeks in the United States going over to Syria to fight in the war, and (3) he was not aware of any Uzbeks ever leaving the United States to travel to Syria; when, as SIDIKJON then and there well knew, his brother Saidjon was an Uzbek who had traveled from the United States to Syria and had died while fighting in the war, having died prior to the date the package was sent.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
(False Swearing in Immigration Matter)

10. Paragraphs 1 through 3 are incorporated by reference.

11. On or about October 27, 2016, in the District of Connecticut, the defendant SIDIKJON MAMADJONOV did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in a

document required by the immigration laws and regulations prescribed thereunder, namely, a Form N-400 Application for Naturalization, that is, SIDIKJON falsely claimed that (1) he had never been a member of or in any way associated (either directly or indirectly) with a terrorist organization; (2) he had never given any government official information that was materially false, fraudulent, or misleading; and (3) he visited his brother, Saidjon, who was operating a restaurant, during his trip to Turkey in 2013. The defendant then and there knew each statement was false in that he had been associated with his brother, Saidjon, who had been a member or associate of a terrorist organization; the defendant previously had provided materially false, fraudulent, and misleading information to the Federal Bureau of Investigation as detailed in Counts One, Two, and Three of this Superseding Indictment; and the defendant had learned and understood either before or during his 2013 trip to Turkey that his brother, Saidjon, was dead.

All in violation of Title 18, United States Code, Section 1546(a).

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY

STEVEN WARD
TRIAL ATTORNEY
NATIONAL SECURITY DIVISION
UNITED STATES DEPARTMENT OF JUSTICE