UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 3:18-CR-34 (VAB) |
| SIDIKJON MAMADJONOV | : | December 16, 2022 |

## MOTION IN LIMINE TO PRECLUDE 404(b) EVIDENCE

At Defendant's request, the government has indicated in its December 9, 2022, filing that it intends to offer the following evidence pursuant to Fed. R. Ev. 404(b):

> with respect to Rule 404(b) of the Federal Rules of Evidence, the Government may offer testimony concerning Jihadist videos and photographs that were viewed by the defendant [FBI_00292], but not the videos and photographs themselves. Other evidence that may fall under Rule 404(b) includes the MoneyGram records [MG_00017-18, USAO_00203-04], which reflect payments by the defendant to individuals in Turkey.

ECF No. 129 at 3.

For the reasons that follow, Defendant now moves, pursuant to this Court's Standing Order on Discovery and Federal Rule of Evidence 401, 403, and 404(b), to preclude the introduction of the above evidence and further to preclude introduction of any other undisclosed 404(b) evidence.

## LEGAL STANDARD

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, may be offered for a permissible purpose, "such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, (1) the

1

prior act evidence must be offered for a permissible purpose; (2) the evidence must be relevant to a disputed issue; (3) the probative value must substantially outweigh the danger of unfair prejudice; and (4) the court must make an appropriate limiting instruction. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). "The Government bears the burden of demonstrating the admissibility of evidence under Rule 404(b)." *United States v. Nachamie*, 101 F. Supp. 2d 134, 137 (S.D.N.Y. 2000).

Additionally, Rule 404(b)(3) requires that the government, prior to trial, to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it" and must further "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."

## THE GOVERNMENT'S PROPOSED EVIDENCE IS INADMISSIBLE

At the outset, it is important to state the charges that Mr. Madjonov does—and does not—face. The superseding indictment (ECF no. 131) alleges that Mr. Mamadjonov made false statements involving terrorism in violation of 18 U.S.C. § 1001 and that he made false statements in an immigration application in violation of 18 U.S.C. § 1546. The indictment **does not** allege that Mr. Mamadjonov engaged (or attempted to engage) in any terrorist activities. Nor does it claim that Mr. Mamadjonov in any way attempted to provide material support or financing to any terrorist organization. The questions for the jury in this case will therefore entirely concern what Mr. Mamadjonov *said*, not what he *did*. More concretely, the question in this case is whether Mr. Mamadjonov knowingly lied (to the FBI and immigration authorities) about the whereabouts and fate of his brother, and whether those statements were material.

2

The government in its 404(b) disclosure first proposes to introduce evidence purportedly showing that Mr. Mamadjonov viewed "Jihadist videos and photographs" and that Mr. Mamadjonov made "payments . . . to individuals in Turkey." Contrary to the express requirements of Rule 404(b)(3), the government's notice fails to in any way "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."

The government cannot sustain its burden of showing that these proposed materials should be admitted pursuant to Rule 404(b). Mr. Mamadjonov emphatically does not support terrorism in any way. Evidence suggesting he has encountered materials advocating militant Islamism in no way makes it more or less likely that he lied to the FBI about the death of his brother. It therefore fails to meet even the threshold requirements of admissibility under Rule 401. Any marginal relevance, moreover, would be greatly overshadowed by the inflammatory emotional response it is likely to evoke in the jury. It need hardly be said that since the events of 9/11 militant Islam carries intensely negative associations among the citizens of this country who will constitute the jury here to a degree that risks short-circuiting the jury's rational analysis of the actual facts and allegations here. Indeed, that is the sole apparent purpose of the proposed evidence: to smear Mr. Mamadjonov's character by emotionally linking him to militant Islam. This is precisely what Rule 404 prohibits.

The government next suggests it may offer "MoneyGram records . . . which reflect payments by the defendant to individuals in Turkey." Here again the government offers no explanation in its disclosure of why this information should be admitted under Rule 404(b).

As with the purported "Jihadist videos and photographs," Mr. Mamadjonov's alleged financial transactions bears absolutely no relationship to the ultimate questions for the jury—whether Mr. Mamadjonov lied to the FBI and INS about his brother. Mr. Mamadjonov is not charged with

3

engaging in any illicit financial conduct. These alleged transactions have nothing to do with the charged conduct and should be excluded on 401 grounds. And again, any marginal probative value of this evidence is heavily outweighed by its tendency to prejudicially mislead the jury into believing that Mr. Mamadjonov was involved in financing terrorism (a risk particularly acute in combination with the proposed testimony concerning his viewing of "Jihadist" material), warranting preclusion under Rule 403. And absent the government demonstrating some appropriate 404(b) use for this information, it should be precluded under 404 as well.

### THE GOVERNMENT SHOULD BE PRECLUDED FROM OFFERING OTHER 404(b) MATERIAL

The government has not identified any other material that it believes falls within the scope of 404(b). On this basis Defendant understands the government will not attempt to introduce further 404(b) material. Specifically, Defendant understands that the government will not attempt to introduce evidence or testimony relating to the two out-of-district investigations identified in the November 30, 2022, suppression hearing. These investigations concerned the activities of other members of the greater New York Uzbek community. These investigations concerned allegations of serious criminal conduct by other members of the Uzbek community. *See United States v. Saipov,* 1:2017cr00722 (SDNY); *United States v. Kasimov*, 1:2015cr00095 (EDNY). In light of the inflammatory charges in these matters, efforts to paint Mr. Mamadjonov as guilty by association would be singularly inappropriate. Again, the government has not sought to make such a claim.

Additionally, the government has not provided 404(b) notice concerning a claim contained in the complaint affidavit that Mr. Mamadjonov "traveled to Turkey in 2013 . . . with over twenty

4

thousand dollars in cash." ECF No. 1-1 at 5. For reasons similar to those discussed above with respect to other financial transactions related to Turkey, such evidence would be inadmissible and should be precluded.

## CONCLUSION

For the reasons above, the Court should preclude the government from introducing evidence within the scope of Rule 404(b) and should further preclude the proposed evidence above pursuant to Rules 401 and 403.

Respectfully submitted,

THE DEFENDANT,
Sidikjon Mamadjonov

OFFICE OF THE FEDERAL DEFENDER

Dated: December 16, 2022  /s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire

5