UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIM. NO. 3:18-CR-34 (VAB) |
| SIDIKJON MAMADJONOV : | December 16, 2022 |

## MOTION IN LIMINE TO PRECLUDE LAY OPINION TESTIMONY

In its December 9, 2022, preliminary witness list, the government has indicated its intention to call USCIS Officer Garnet DaCosta. Officer DaCosta reportedly interviewed Mr. Mamadjonov in connection with his application for US citizenship. Materials produced in discovery show that the FBI has previously interviewed Officer DaCosta and that in the course of that interview the FBI elicited opinions from Officer DaCosta, including her opinions that (1) Mr. Mamodjonov's statement in his citizenship application that he had not ever been a member of, or in any way associated (either directly or indirectly) with a terrorist organization was false in light of his brother's purported association with al-Nusrah, and (2) that this information was material to determination of his citizenship application.

Defendant now moves *in limine* and pursuant to Rules 403 and 701 of the Federal Rules of Evidence to preclude the government from eliciting these or similar lay opinions from Officer DaCosta at trial. DaCosta's apparent opinion that someone is "associated" with an organization by virtue of their relative's alleged association is not helpful to the jury and thus inadmissible under

1

Fed. R. Ev. 701.[1] DaCosta is no better equipped than the members of the jury to interpret the meaning of the application form Mr. Mamadjonov was asked to fill out. Indeed, as lay members of the public the members of the jury are *better* situated to objectively read and interpret the relevant form and to assess how another member of the public (Mr. Mamadjonov) would likely understand the form.

DaCosta's lay opinion about the meaning of the term "associated," moreover, would not be based upon her particular observations of Mr. Mamadjonov's application, but would rather be an interpretation of the general meaning of the form, apparently based on her work as an immigration officer. DaCosta has not been offered as an expert and as a layperson may not testify based on claimed "specialized knowledge" under rule 701(3). *Cf. United States v. Cuti*, 720 F.3d 453, 460 (2d Cir. 2013) (admitting lay opinions of accountants where the "witnesses testified based only on their experiences with matters pertinent to this case" rather than "specialized experience that the agent had accumulated from other cases and involved a specialized reasoning process not readily understandable to the average juror").

DaCosta's opinion as to the meaning of "associated," moreover, is unduly prejudicial in that it injects an essentially legal opinion, from a witness with the imprimatur of a government title, on a matter of ultimate fact for the jury. While the rules of evidence do not categorically forbid opinions simply for encompassing an ultimate issue (*see* Fed. R. Ev. 704), such opinions raise particularly acute concerns of fairness and prejudice. A decision from SDNY observes:

---

[1] Defendant does not concede that the government will be able to lay a factual foundation that Mr. Mamadjonov's brother was associated with al Nusrah or any other FTO. Should the government seek to elicit this opinion testimony without laying such a factual foundation, Defendant would further object on foundational grounds.

> In *United States v. Scop*, the Second Circuit indicated that "repeated statements embodying legal conclusions exceed[ ] the permissible scope of opinion testimony under the Federal Rules of Evidence." 846 F.2d 135, 139 (2d Cir.), *on reh'g*, 856 F.2d 5 (2d Cir. 1988). The Court noted that " '[m]anipulation,' 'scheme to defraud,' and 'fraud' are not self-defining terms but rather have been the subject of diverse judicial interpretations." *Id.* at 140. While *Scop* dealt with the admission of expert testimony, the Court sees no reason why other witnesses or documentary evidence should be allowed to proclaim that Defendant's returns are "frivolous" or constitute a "scheme." Such evidence runs the risk of misleading the jury, unfairly prejudicing Defendant, and invading the province of the jury to decide the ultimate issues in this case. See Fed. R. Evid. 403[.]

*United States v. Barnwell*, No. 15 CR. 620 (NSR), 2017 WL 1063457, at *5 (S.D.N.Y. Mar. 20, 2017). See also, e.g., Zhen v. Safety-Kleen Sys., Inc., No. 118CV06015ERKPK, 2021 WL 4937888, at *1 (E.D.N.Y. May 27, 2021) ("Mastroianni may not, however, testify that, in his opinion Meyer 'messed up' or was careless or was the proximate cause of the accident. Such testimony would invade the province of the jury").

The government may also seek to offer DaCosta's opinion that knowing about Mr. Mamadjonov's brother would have been material to her evaluation of Mr. Mamadjonov's citizenship application. While the Second Circuit has stated that "a witness may testify to the fact of what he did not know and how, if he had known that independently established fact, it would have affected his conduct or behavior," *Cuti*, 720 F.3d at 459, the Second Circuit's decision in *Cuti* turned in part on the fact that in that case there was no question as to the proper operation of the "undisputed accounting rules." *Id*. at 458. Here, by contrast, Defendant fundamentally disagrees with DaCosta's opinion that a person's relatives' associations should be reasonably interpreted as that person's own associations. DaCosta's counterfactual opinions about what she "would have done" had she known of Mr. Mamadjonov's brother's supposed al Nusrah connection is thus

3

inextricably linked with her own contested opinions about the rules at issue. The government should not be able to introduce those contested and inadmissible opinions through the back door.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE DEFENDANT,<br>Sidikjon Mamadjonov |
|  | OFFICE OF THE FEDERAL DEFENDER |
| Dated: December 16, 2022 | /s/ James P. Maguire<br>James P. Maguire<br>Assistant Federal Defender<br>265 Church Street, Suite 702<br>New Haven, CT 06510<br>Phone: (203) 498-4200<br>Bar No.: ct29355<br>Email: James_Maguire@fd.org |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire